IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                         CRIMINAL ACTION NO. 2:15-cr-133-01

WILLIAM HARRISON MEADE

MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court is a motion, brought pursuant to 18 U.S.C. §3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. [ECF No. 78]. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to

require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, and the addendum to the PSR from the Probation Office. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Finding that the Defendant is ineligible for relief, the Court has not appointed counsel or ordered the parties to submit responses.

On May 17, 2016, Mr. Meade was sentenced to 139 months of imprisonment, followed by three years of supervised release, for conspiracy to distribute a quantity of oxycodone, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). [ECF No. 34]. His total offense level was 29. *See* [ECF No. 36, ¶ 53]. He had a total of 22 criminal history points, establishing a Criminal History Category of VI. *Id.* ¶ 76. In addition, Mr. Meade qualified as a career offender under U.S.S.G. § 4B1.1, thus his Criminal History Category was VI. *Id.* Mr. Meade therefore did not receive any additional points for status. Based on a total offense level of 29 and a Criminal History Category of VI, the Court calculated a Guideline range of 151 to 188 months.

Mr. Meade was not a zero-point offender, and he did not receive status points. His Guideline range is not affected by Amendment 821 and is also not altered by the retroactive Guideline amendments. Therefore, the Court finds that Mr. Meade is ineligible for relief.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** any relief pursuant to 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on May 17, 2016, remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: February 16, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE